SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. DOOLITTLE.

(Court of Civil Appeals of Texas. Dallas. May 20, 1911. Rehearing Denied June 10, 1911.)

1. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY OTHER INSTRUCTIONS.
    Requested instructions included in the charge as given are properly refused.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. TELEGRAPHS AND TELEPHONES (§ 20*) — NEGLIGENCE — USE OF STREETS — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.
    In an action against a telephone company for its negligence in leaving a cable spool on the street which caused plaintiff's horse to run away, the evidence showed that the spool was placed on the street some time before work was begun and left some time after it was finished. Held, that charges which denied plaintiff's recovery under certain circumstances, but did not present the issue as to defendant's liability for leaving the spool on the street before it began

work, were inapplicable to the evidence, and were properly refused.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

3. TELEGRAPHS AND TELEPHONES (§ 20*)—USE OF STREETS — NEGLIGENCE — INSTRUCTION—APPLICABILITY TO ISSUES.
    In an action against a telephone company, based on its negligence in leaving a cable spool in the street, which caused plaintiff's horse to run away, a witness testified that the central office of the company had promised her that the spool would be removed at once. It did not appear that at the time of this promise the spool was in use. This evidence was introduced to show that defendant had notice that horses were being frightened. Held, that an instruction that defendant was not required to remove its spool in accordance with the promise, if it was in use, and until a reasonable time thereafter, and that, if an injury occurred within that period, a verdict should be given for the defendant, was properly refused, not being applicable to the issues; for the promise was not the basis of plaintiff's action.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

4. TELEGRAPHS AND TELEPHONES (§ 20*)—USE OF STREET—FRIGHTENING HORSES—INSTRUCTIONS—APPLICABILITY.
    In an action against a telephone company for negligence in leaving a cable spool in the street, which frightened plaintiff's horse and caused it to run away, the plaintiff showed the date of the injury, but the defendant did not show whether the spool was in use at the time of the injury. The court charged the jury upon the defendant's liability for leaving the spool in the street for an unusual and unnecessary length of time, either before or after the use. Held, that the defendant, not having shown whether the spool was in use at the time of the injury, could not complain of that instruction.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

5. TELEGRAPHS AND TELEPHONES (§ 20*)—USE OF STREET — NEGLIGENCE — EVIDENCE—ADMISSIBILITY.
    Where plaintiff's horse was frightened by the cable spool of a telephone company, left in the street, evidence as to the disposition of the horse and his qualities was admissible.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

6. EVIDENCE (§ 317*)—ADMISSIBILITY—HEARSAY EVIDENCE.
    Testimony as to what a telephone company's foreman said to one who requested him to remove a cable spool from the street is inadmissible as hearsay.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by E. W. Doolittle against the Southwestern Telegraph & Telephone Company. From a judgment for plaintiff, defendant appeals. Affirmed.

A. P. Wozencraft and W. S. Bramlett, for appellant. Wolfe, Maxey, Wood & Haven, for appellee.

RAINEY, C. J. Doolittle sued to recover from appellant damages for injuries sustained by his wife by reason of the horse she was driving becoming frightened and running away with the buggy, turning it

over and throwing her out, which fright was caused by the negligence of appellant in placing a cable spool, or reel, by the side of a public street, and leaving it there.

Defendant pleaded the general issue, contributory negligence, and specially that defendant was lawfully engaged in maintaining and operating a telephone system in the city of Sherman, and said spool, or reel, was placed near said street for the necessary repair and reconstruction of its line, for the proper equipment for service to the public. A trial resulted in a verdict and judgment in favor of plaintiff for $1,000, and the defendant appeals.

The facts are: That "it was agreed between the parties to this suit that at the time of the happening of the accident complained of, and for more than five years prior thereto, and at all times since said accident, the defendant was duly authorized by ordinances of the city of Sherman to construct, maintain, and operate its telephone lines along and over the streets of the city of Sherman."

The spool was placed near the corner of Elm and Moore streets, where it was necessary for the purpose of doing some repairing, and remained there for about one week. It only required a part of one day to string the cable at that point, and before beginning it was necessary to do other work on the line, and after finishing there it was moved about two blocks further down the street. The time the spool remained at Elm and Moore streets, before and after the time it was necessary to string at that point, is not definitely shown by the evidence. Pete Beach, a witness for appellant, stated: "It must have been about, I guess, three days that we left it there, before we got ready for it down about two blocks south of Moore street. While we were stringing that messenger two blocks south, we had to do some preparatory work below the pole, before we could further string the cable on it. After we got our messenger prepared two blocks down there, we carried that one down there, and strung the rest of the cable. After we got through there, we carried the reel into the yard," which was a vacant lot where the company kept such things. The spool was an unsightly object and calculated to frighten horses. The horse driven by Mrs. Doolittle became frightened by it, ran away, overturned the buggy, threw her out, and injured her. During the time the spool was on the corner of Elm and Moore streets, several horses were frightened by it, of which the appellant was duly apprised. It is not shown at what period, in relation to the stay of said spool at the corner of Elm and Moore streets, the horse was frightened and ran away.

[1] The first and second assignments of error are: "The court erred in refusing to charge the jury as requested by the defendant in its special requested charge No. 2, and in refusing to submit to the jury its special requested charge No. 2, reading as follows: 'You are instructed that the only issue of negligence arising in this case under the pleadings and the evidence is whether or not the defendant permitted the cable spool to remain where it was, at the corner of Elm and Moore streets, for an unusual and unnecessary length of time; that is, if the accident occurred after defendant began its cable work at and about Elm and Moore streets, and after it completed said cable work at and about Elm and Moore streets, and defendant removed said cable spool within a reasonable time after completing said work, then the defendant is not liable to plaintiff, and your verdict must be for the defendant, if you so find.' The court erred in refusing to charge the jury, and in refusing to submit to the jury the defendant's special requested charge No. 4, reading as follows: 'You are instructed that, if you believe from the evidence in this case the accident to Mrs. Doolittle occurred during the period of time while the defendant was engaged in constructing its cable at and about Elm and Moore streets, or within a reasonable time thereafter, you will return a verdict for the defendant.'"

The proposition submitted is: "The defendant having the lawful right to construct and maintain its telephone lines on the streets of Sherman, and it being necessary in doing so to place the cable reel upon said streets, and the evidence being sufficient to warrant the jury in finding the accident occurred during the time the reel was being used in such lawful work, and the negligence charged being that the reel was left an unnecessary length of time on the streets, it was error for the court to refuse to instruct the jury as set out in the special charges in the assignments of error above."

We think the court did not err in refusing the requested charges. In view of the evidence, the main charge of the court fully applied the law to the facts of the case, and the interest of appellant was fully guarded. The third and fifth paragraphs of the court's charge on the point in question are: "Defendant company had the right to string its wires and cables along Moore and Elm streets, and also had the right to have and use all the tools and implements reasonably necessary for the performance of such work; but it was also its duty, in the performance of such work and in the use of its implements and tools, to exercise ordinary care to prevent injury or damage to any one rightfully using said street in the vicinity of such work; and if it failed to exercise such care, and damage should result to any one rightfully using said street, or streets, as a proximate result of such failure, if any, then in such event defendant would be liable for such resulting injury." "On the other hand, if you do not believe from the evidence that said wooden wire

spool was a thing or instrument reasonably calculated to frighten or scare a reasonably gentle or safe horse; or if you do not believe from the evidence that said wire spool was permitted to remain at said place for an unnecessary length of time for the performance of such work as defendant was engaged in doing in the vicinity of such place; or if you do not believe from the evidence that said defendant company was guilty of negligence, as that term has been hereinbefore defined to you, in the length of time you find from the evidence it permitted said wooden wire spool to remain at said place—then in either of these events you will find for defendant."

[2] The evidence shows that the spool was placed at the corner of Elm and Moore streets some time before the work at that point was begun, and appellant's requested charge No. 2, and charge No. 4, as above set out, limiting a recovery, if the horse was frightened after the work was completed there. In this respect the special charge was error, as the evidence raised the issue of liability for the time the spool was unnecessarily on the streets before work was begun, as well as after it was completed.

[3] The court refused the following charge asked by defendant, to wit: "You are instructed that if you believe defendant's agents promised Mrs. Maxey they would remove the cable reel, and you further believe from the testimony that defendant's construction work had not then been done, or commenced, but that it was commenced within a reasonable time thereafter, or you believe that at the time said promise was made that the cable construction work was being done, then in either of such events the defendant under the law was not required to remove its cable reel in accordance with said promise, if any, until said work was completed and until a reasonable time thereafter; and, if you believe from the evidence the accident to plaintiff's wife occurred within either of said periods of time, you are instructed to return a verdict for the defendant." The testimony of Mrs. Maxey related to a conversation had by her with the central office of appellant with reference to notice that horses were being frightened by the spool at Elm and Moore streets, and the promise made to her that said spool would be removed at once, formed no basis for plaintiff's action, and there was no testimony showing that at the time said promise was made the work was being done. The court did not err in regard to the requested charge.

The third and fourth assignments relate to appellant's right to place the spool in the street and as to it remaining there an unnecessary length of time. We think the charge of the court covered all phases of the case that were necessary, and said assignments are overruled.

[4] The court charged the jury as follows:

138 S.W.—27

"And if you further believe from the evidence that said wooden wire spool was by its appearance calculated to frighten horses and cause them to become unmanageable; and if you further believe from the evidence that said wooden wire spool was permitted by the employés of the defendant company to remain in such place an unusual and unnecessary length of time for the performance of said work; and if you further believe from the evidence that in permitting said wire spool to so remain in such place for such length of time, if you believe it was so permitted to remain, defendant was guilty of negligence, as that term has been hereinbefore defined to you, and that such negligence, if any, was the direct and proximate cause of Mrs. Kate Doolittle's injuries, if any—then you will find for the plaintiff and assess his damages as hereinafter directed, unless you should find for defendant under other instructions given you." The propositions submitted under this assignment are: "The testimony shows the reel was placed on the street some days before the cable work was begun, but the testimony will also warrant the jury in finding the accident occurred while the cable work was in progress, and under such circumstances it was error for the court to predicate negligence and consequent liability of defendant upon the fact that it might have permitted the reel to remain upon the street an unusual and unnecessary length of time." "The reel being an essential instrument in the performance of work lawful in character, it was error to predicate negligence and consequent liability of defendant upon the jury believing the reel was by its appearance calculated to frighten horses."

We do not think the court erred in giving this charge. The evidence is silent as to whether the accident occurred while the work was actually in progress, or whether before or after it was begun or completed. The date of the accident was shown, and it was within the power of appellant to show whether or not the work was in progress at the time of the accident, and having failed so to do we think it will not be heard to complain of the failure of said charge.

[5] There was no error in the court permitting, over objections, Mrs. Doolittle to testify: "He [referring to the horse] wasn't supposed to scare at anything at all. He was perfectly gentle. That is why we bought him; never knew him to scare at anything." This evidence bore on the question of contributory negligence. It tended to show the character of the spool, being calculated to scare a gentle horse, and to show the absence of negligence on the part of Mrs. Doolittle in driving the horse.

[6] There was no error in the action of the court in refusing to permit Pyle, witness for defendant, to testify what the foreman stated when Pyle requested him to remove the

spool. Such was hearsay, and not admissible.

There are several assignments complaining 'of the court for not granting a new trial on the ground that the verdict was contrary to the evidence. None of them is well taken. The evidence is sufficient to show that the appellant was negligent in allowing the spool to remain on the street as it did; that there was no contributory negligence shown; that the spool was calculated to frighten horses, and did frighten Mrs. Doolittle's horse, and cause it to run away and injure her.

There is no reversible error pointed out in the record, and the judgment is affirmed.